IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBIN ENNIS, )<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>HCA HEALTH SERVICES OF OKLAHOMA, )<br>INC., a corporation; CHILDREN'S HOSPITAL )<br>AT OU MEDICAL CENTER a/k/a CHILDREN'S )<br>HOSPITAL OF OKLAHOMA; OU MEDICAL )<br>CENTER; UNIVERSITY HEALTH PARTNERS; )<br>PRESBYTERIAN PRACTICE MANAGEMENT; )<br>PRESBYTERIAN HOSPITAL; PRESBYTERIAN )<br>HOSPITAL – BASED SKILLED NURSING )<br>FACILITY; ANN M. SPENCER, M.D.; TAMARA )<br>HEARST, M.D.; KAREN ROSE, M.D.; JOSEPH )<br>McBRIDE, M.D.; ROGERICH PAYLOR, M.D.; )<br>JOE LEONARD, M.D.; and DON WILSON, M.D., )<br>)<br>     Defendants. ) | Case No. CIV-04-682-D |

## **O R D E R**

Before the Court is the joint Motion of Defendants Joseph McBride, Rogerich Paylor, and Don Wilson [Doc. No. 135] to Dismiss Plaintiff's Amended Complaint and the separate Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Joe Leonard [Doc. No. 140]. Plaintiff has timely responded, and Defendants have jointly filed a reply. Because each motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and argues that the statute of limitations has expired on Plaintiff's claims against the movants, both motions are addressed herein.

In 2004, Plaintiff filed this action to recover damages for medical malpractice based on medical treatment she received in March 20002 in the Emergency Room of Defendant Children's Hospital at OU Medical Center ("Children's Hospital") for severe headache and nausea. She alleges that Defendants Ann Spencer, Karen Rose and Tamara Hearst ("treating physicians") were the physicians providing her treatment or having responsibility for her treatment. After an

examination which included, *inter alia*, a CT scan and a radiological series, Plaintiff was released; a few months later, she began losing her vision. She alleges that, in June, 2002, she was diagnosed at a Denver, Colorado hospital as having a shunt malfunction. Plaintiff alleges that she has sustained a profound loss of vision; she alleges that her vision loss was caused by the malfunction which the treating physicians should have discovered when she was treated at Children's Hospital. She further alleges that the treating physicians' acts and omissions were the proximate cause of her current condition and that the remaining defendants are also liable to her.

Defendants McBride, Paylor, Wilson and Leonard are radiologists ("Defendant radiologists") who were involved in the March 2002 radiographic shunt series performed on Plaintiff at the request of a treating physician at Children's Hospital. They were not named as defendants in the Complaint. However, in May 2007 Plaintiff sought and was granted leave to file an Amended Complaint to assert claims against the Defendant radiologists. The Amended Complaint was filed in June, 2007, and it alleges that, in addition to the negligence of the treating physicians and other defendants named in the Complaint, the acts or omissions of the Defendant radiologists also caused Plaintiff's current condition because, *inter alia,* they allegedly failed to accurately assess the radiological reports and/or failed to accurately report the test results to her treating physicians.

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant radiologists argue that they are entitled to dismissal because the statute of limitations has expired on Plaintiff's claims against them. They argue that Plaintiff knew or should have known, when the Complaint was filed, of the factual basis for her claims against them. Plaintiff contends that, as the Court determined when granting her leave to file an Amended Complaint, she did not learn of the basis for the radiologists' potential liability until she deposed the treating physicians. Plaintiff argues that the allegations in the Amended Complaint relate back to her original Complaint and that the action is not barred by

limitations. In any event, she argues that Defendants' motion cannot be adjudicated without examining evidence outside the scope of the pleadings. Therefore, she contends that their arguments must be asserted in a motion for summary judgment rather than a motion to dismiss.

Upon consideration of a Rule 12(b)(6) motion to dismiss, a court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008). To avoid dismissal, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U. S. ___, 127 S.Ct. 1955, 1974 (2007)[1]; *Robbins,* 519 F.3d 1242 at 1247; *see also VanZandt v. Oklahoma Dept. of Human Services*, 2008 WL 1945344, at *3 (10th Cir. May 5, 2008). To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 2008 WL 1945344, at *3, *quoting Robbins*, 519 F.3d at 1247.

In this case, the parties agree that Plaintiff's claims are governed by Oklahoma law, which prescribes a specific limitations period for medical malpractice cases. The statute provides in pertinent part:

> An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of....

---

[1]*Twombly altered the standard for evaluating Rule 12(b)(6) motions; it rejected the previous rule that dismissal is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Robbins, 519 F.3d at 1246, citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Instead, Twombly held that the allegations must support "a plausible claim for relief." 127 S.Ct. at 1974.*

Okla. Stat. tit.76 § 18 (2002).  That the statute of limitations has expired on a claim may properly be raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir.1980).  If the allegations in the complaint establish that the applicable statute of limitations has expired, dismissal for failure to state a claim is proper. *Id.; see also Dicesare v. Walker*, 1994 WL 95942, \*\*1 (10th Cir.1994).  Where the date on which the limitations period begins to run is subject to factual dispute, however, dismissal for failure to state a claim is improper.  *Alexander v. Oklahoma*, 391 F.3d 1155, 1162 (10th Cir. 2004).

The radiology Defendants concede that Plaintiff's original Complaint was timely filed in accordance with the two-year statute of limitations.  However, they contend that her claims against them are time-barred because she did not file the Amended Complaint asserting those claims until five years after she received treatment at Children's Hospital and approximately three years after this lawsuit was filed.  The radiology Defendants argue that she knew, or should have discovered through the exercise of reasonable diligence, of the alleged basis for her claims against them more than two years before the claims were asserted against them.  They further contend that the allegations in the Amended Complaint do not relate back to the original Complaint.

The radiologist Defendants' arguments regarding the timeliness of Plaintiff's discovery of her potential claims against them were raised and rejected by the Court in its Order granting Plaintiff's request to amend her complaint.  *See* May 3, 2007 Order [Doc. No. 108].  In her motion to file an amended complaint, Plaintiff stated that she first learned of the potential liability of the radiology Defendants during depositions taken in this case.  The original Complaint contained factual allegations regarding the results of a radiographic shunt series performed on Plaintiff. Complaint ¶¶18-22.  The record reflects that, in their Answers to the Complaint, Defendants Spencer, Hearst and Rose, who were Plaintiff's treating physicians, alleged that they were without

4

sufficient information to admit or deny certain allegations, including the Plaintiff's allegations regarding the results of the radiographic shunt series set out in paragraphs 18 through 22 of the Complaint. No allegations regarding the radiology reports were made by the treating physicians in the parties' joint status report or other submissions in this case. In connection with her motion to amend the Complaint, Plaintiff submitted evidence that, in their depositions, the treating physicians testified that they were not provided the documented results of the radiographic shunt series but that they were told by radiology that the test results were normal. In support of her motion to amend, Plaintiff also submitted evidence that the treating physicians' testimony indicated that the results were not normal and that the treating physicians would have taken different actions regarding Plaintiff's treatment if they had been provided more complete information.

Leave to amend was granted over the objection of Defendants[2]. The Amended Complaint was timely filed according to the deadline in the Court's Order.

The radiologist Defendants also argue, however, that the allegations in the Amended Complaint are time-barred because they do not relate back to the original Complaint. Plaintiff responds that, pursuant to Fed. R. Civ. P. 15(c), the claims she asserts against the radiologist Defendants are not time-barred because they "relate back" to her original claims. Pursuant to Rule 15(c), an amendment of a pleading relates back to the date of the original pleading in any one of three circumstances:

(1) relation back is permitted by the law that provides the statute of limitations

---

[2]*The original defendants also argued that her delay in obtaining information regarding the radiologists' potential liability was the result of Plaintiff's failure to timely pursue discovery, including depositions. Rejecting that argument, the Court found that, based on the evidence before it, Plaintiff had provided a reasonable justification for the delay in seeking leave to amend the Complaint. The Court noted that, although there had been several requests to extend the discovery deadline, most of the extensions had been jointly requested; Defendants had not objected to extensions sought by Plaintiff. Thus, the Court concluded that there was no evidence in the record that Plaintiff unduly delayed the depositions which ultimately provided the information on which her request to amend was based, and Plaintiff had provided an adequate explanation for the delay in seeking to amend the Complaint. Order at pp. 2-4.*

> applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the actions would have been brought against the party...

Federal Rule of Civil Procedure 15(c).  In this case, the parties agree that the Oklahoma statute governing the limitations period for medical malpractice claims does not authorize relation back.

The radiology Defendants argue that only subsection (c)(1) does not apply because the applicable Oklahoma statute does not expressly permit relation back; Plaintiff does not dispute that contention.  The radiology Defendants further argue that subsection (c)(2) cannot apply because the claims asserted against them do not arise out of the conduct, transaction, or occurrence set forth in the original Complaint.  According to Defendants, the only provision of the Rule that could apply to them is subsection (c)(3).  They contend that the requirements of this subsection cannot be satisfied because the claims asserted are not related to those asserted in the Complaint and because they were not served within the time period required by Rule 4(m).  Plaintiff argues that the claims asserted against the radiology Defendants are, in fact, related to the events on which her Complaint was based.

The Court agrees that Plaintiff's claims asserted against the radiology Defendants are based on the same events set out in the Complaint.  The Complaint includes allegations regarding the radiographic shunt series performed at Children's Hospital during the events on which Plaintiff's

lawsuit is based.    In seeking  leave to amend, Plaintiff argued that, had she known of the facts related to the radiologists' action or inactions at the time, they would have been named in the Complaint.  The Court concludes that  the requirements of Fed. R. Civ. P. 15(c)(2) are satisfied.

The Court also disagrees with the radiology Defendants' contention that Fed. R. Civ. P. 15(c)(3) must be satisfied in order to permit the claims to relate back.  The Advisory Committee Notes to  Rule 15 reflect that subsection (c)(3) is designed to apply to an amendment intended to correct the name of a defendant originally named in the Complaint.   According to the applicable Note, "This paragraph has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a <u>misnamed defendant</u>."   Fed. R. Civ. P. 15 advisory committee's note (1991 Amendment) (emphasis added).  This circuit has held that Rule 15(c)(3) applies only where an amendment changes the name of a mistakenly identified defendant.  *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004).  In this case, the Amended Complaint does not reflect a change in the name

of a defendant; instead, it adds new claims against new defendants who were not named in the original Complaint[3].

The Court concludes that, pursuant to  Rule 15(c)(2), the amendment of Plaintiff's claims

---

[3]*However, even if Rule 15(c)(3) applies, the record reflects that its requirements are satisfied. First, as noted, the allegations asserted against the radiology Defendants are based on the same events as the allegations in the Complaint; it is not disputed that the Complaint was timely filed.  Second, the radiology defendants are deemed to have notice of the filing of the Complaint.  The Rule does not require formal notice, and  constructive notice of the litigation is sufficient. 6A  Wright, Miller & Kane, Federal Practice and Procedure § 1499 (2007).    "The requisite notice of an action can be imputed to a new defendant through its attorney who also represented the party or parties originally sued."  Richard v. Reed, 883 F. Supp. 107, 111 n. 7 (W.D. La. 1995), citing Kirk v. Cronvich, 629 F.2d 404, 408 (5th Cir. 1980).See also G. F. Company v. Pan Ocean Shipping Co., 23 F. 3d. 1498, 1503 (9th Cir. 1994).    In this case, the radiology Defendants are represented by the same attorneys who are counsel of record for Defendants Spencer, Hearst and Rose.  Furthermore, the treating physician Defendants and the radiology Defendants were all employed by or affiliated with Children's Hospital at the time of the events on which this action is based. Where the  original and added parties are closely related, the new parties may be deemed to have notice of the institution of the lawsuit shortly after it was filed.  Wine v. EMSA, Ltd., 167 F.R. D. 34 (D.C. Pa. 1996).*

7

relates back to the original Complaint because the Amended Complaint asserts claims that "arose out of the conduct, transaction, or occurrence" set out in the original Complaint. Therefore, the limitations period did not expire as to those claims.

The Court further notes that the radiology Defendants are not precluded from again asserting, in a dispositive motion or at trial, their contention that Plaintiff knew, or through the exercise of reasonable diligence should have know, of the factual basis for her allegations against them at an earlier date. If the radiology Defendants have a good faith basis for arguing that evidence outside the pleadings supports such argument, it may be raised at an appropriate time. Because material outside the pleadings is not normally considered in a motion to dismiss the Amended Complaint, however, their Motion must be denied.

Accordingly, the Motion of Defendants Joseph McBride, Rogerich Paylor and Don Wilson to Dismiss Plaintiff's Amended Complaint [Doc. No. 135], and the Motion of Defendant Joe Leonard to Dismiss Plaintiff's Amended Complaint [Doc. No. 140] are DENIED.

IT IS SO ORDERED this __17th__ day of June, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE